UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, | No. 2:15-cv-2012 AC P |
| Plaintiff, | |
| v. | ORDER |
| GARY SWARTHOUT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12   III.   Complaint

13    In the complaint, plaintiff alleges that defendants Swarthout, Cappel, and Sandy violated
14 his rights under the Eighth and Fourteenth Amendments. ECF No. 1 at 2-9. Specifically, he
15 alleges that defendant Sandy violated his right to due process during a disciplinary hearing
16 because she was not impartial, denied his request to call a witness, refused to consider
17 exculpatory evidence, and found him guilty based on false evidence. Id. at 6, 8. Defendants
18 Swarthout and Cappel violated his due process rights by denying his subsequent appeals. Id.
19 Plaintiff further alleges that defendants were deliberately indifferent to his serious medical need
20 when they failed to consider his mental health disorders before imposing a security housing unit
21 (SHU) term. Id. at 8-9. As a result of the disciplinary, plaintiff was given a four-month SHU
22 term, which he served in administrative segregation. Id. at 6-7.

23   IV.   Failure to State a Claim

24    A.   Due Process

25    "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
26 panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418
27 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss
28 of good time credits must receive (1) twenty-four-hour advanced written notice of the charges

1   against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on

2   and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present

3   documentary evidence where doing so "will not be unduly hazardous to institutional safety or

4   correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is

5   complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt

6   must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445,

7   454 (1985).

8          In this case, plaintiff did not lose any good time credits and the Wolff court noted that its

9   decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of

10  good time would also be required for the imposition of lesser penalties such as the loss of

11  privileges."  Wolff, 418 U.S. at 571 n.19.  Therefore, in order to demonstrate that he is entitled to

12  the due process outlined in Wolff, plaintiff must show that the disciplinary caused a change in

13  confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary

14  incidents of prison life."  Sandin v. O'Conner, 515 U.S. 472, 484 (1995).  In determining if the

15  deprivation imposes an atypical and significant hardship, the court considers:

> "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence."

20  Brown v. Oregon Dept. of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza,

21  334 F.3d 850, 861 (9th Cir. 2003)).  Plaintiff has failed to establish that he was subjected to an

22  atypical and significant hardship.

23         In the complaint, plaintiff alleges that he was subjected to a four-month SHU term.  ECF

24  No. 1 at 6.  However, he goes on to state that he served his SHU term in administrative

25  segregation and identifies the conditions he was subject to in administrative segregation.  Id. at 6-

26  7.  He also identifies some of the differences between the conditions he experienced during his

27  SHU term and those in the general population.  Id.  However, "there is no liberty interest in

28  remaining in the general population," Anderson v. County of Kern, 45 F.3d 1310, 1315 (9th Cir.

1995) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986)), and plaintiff does not shown that his conditions of confinement during his SHU term were "materially different from those conditions imposed on inmates in purely discretionary segregation" or explain how they created "a major disruption" to his environment, Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (no liberty interest where there were no allegations that SHU conditions differed materially from those in discretionary segregation or that they created "a major disruption" in plaintiff's environment).

Plaintiff also alleges that his SHU term made him ineligible for parole for five years and that while he was housed in administrative segregation he was unable to earn good time credits. ECF No. 1 at 6.  However, nothing in the complaint demonstrates that either of these conditions invariably affected the duration of his sentence[1] and there is no liberty interest in the opportunity to earn good-time credits.  See Ashby v. Lehman, 307 F. App'x 48, 49 (9th Cir. 2009) (prisoner had no "constitutionally-protected liberty interest in earning early release time credits"); see also Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996).

Because plaintiff has not shown that he was subject to an atypical and significant hardship or a major disruption to his environment, he has not shown that he was entitled to due process protections and his due process claims will be dismissed.  However, since plaintiff may be able to allege additional facts related to his SHU term which would demonstrate an atypical and significant hardship or a major disruption to his environment, he will be given leave to amend.

To the extent plaintiff is alleging that defendants Swarthout and Cappel violated his due process rights because they denied his administrative appeals, these claims fail and must be dismissed without leave to amend.  Plaintiff has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez, 334 F.3d at 860 (holding that inmate's claim that

---

[1] If either condition necessarily affected the length of plaintiff's sentence, then this action must be brought in habeas unless plaintiff can show that the disciplinary has been overturned.  Heck v. Humphrey, 512 U.S. 477, 486 (1994).

1 prison officials violated his due process rights when they denied his disciplinary appeal which
2 asserted he was not allowed to call witnesses and that they "'added things' to his appeal to mask
3 the procedural errors committed at the disciplinary hearing" did not state a cognizable due
4 process claim) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the
5 prison grievance procedure does not confer any substantive constitutional rights upon inmates and
6 actions in reviewing and denying inmate appeals generally do not serve as a basis for liability
7 under section 1983.  Id.  "A district court may deny leave to amend when amendment would be
8 futile," Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013), and the court finds that
9 amendment would be futile with respect to plaintiff's due process claims against defendants
10 Swarthout and Cappel for denying his disciplinary appeals.

    B.  Deliberate Indifference

12   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
13 must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,
14 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires
15 plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's
16 condition could result in further significant injury or the unnecessary and wanton infliction of
17 pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (quoting
18 McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations
19 marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th
20 Cir. 1997) (en banc)).

21   Deliberate indifference is established only where the defendant *subjectively* "knows of and
22 disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057
23 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Civil
24 recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known
25 or so obvious that it should be known") is insufficient to establish an Eighth Amendment
26 violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).  Prison
27 officials are deliberately indifferent to a prisoner's serious medical needs if they deny, delay, or
28 ////

1  intentionally interfere with medical treatment.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th
2  Cir. 1990).

3  Plaintiff alleges that he was given a SHU term without consideration for his "Documented
4  Mental Disorders" despite being aware of his conditions and that they would become worse if he
5  "was subjected to the conditions in Ad-seg."  ECF No. 1 at 6-8.  However, plaintiff makes only
6  general allegations that he was at risk for his mental health disorders becoming worse (id.) and
7  the documents that he cites show that he was referred for a mental health assessment (id. at 17)
8  and that the assessment found that there were not any mental health factors that should be
9  considered in assessing his penalty if he was found guilty (id. at 74).  Plaintiff's generalized
10 allegations that he was at risk, especially in light of documentation which indicates mental health
11 staff did not identify any risk in placing plaintiff in administrative segregation, are insufficient to
12 state a claim and the claim will be dismissed.  However, since plaintiff may be able to allege
13 additional facts regarding the alleged risk defendants disregarded, he will be given leave to
14 amend.

15      C.     Equal Protection

16 The Equal Protection Clause requires the State to treat all similarly situated people
17 equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim
18 for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with
19 an intent or purpose to discriminate against him based upon his membership in a protected class."
20 Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d
21 1193, 1194 (9th Cir. 1998)).

22 It appears that plaintiff may be attempting to allege that he was treated differently because
23 of his race.  ECF No. 1 at 5.  However, the allegations in the complaint are insufficient to show
24 that there was any discriminatory treatment based on plaintiff's membership in a protected class.
25 To the extent plaintiff may be attempting to make an equal protection claim, it is dismissed with
26 leave to amend.

27      V.     Leave to Amend

28 If plaintiff chooses to file a first amended complaint, he must demonstrate how the

7

conditions about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     <u>Summary</u>

Plaintiff's request to proceed in forma pauperis is granted.

Plaintiff's due process claims against defendants Swarthout and Cappel for denying his disciplinary appeal are dismissed without leave to amend because the denial of his appeals does not create a separate claim for relief.  The remaining claims in the complaint are dismissed with leave to amend because the facts plaintiff has alleged are not enough to state a claim for relief.  If plaintiff wants to state a claim for violation of his due process rights, he has to explain what due process protections he was denied and explain how the conditions he experienced during his SHU term differed from those in administrative segregation for non-disciplinary reasons or how the conditions created "a major disruption" in his environment.  In order to state a claim for

deliberate indifference, plaintiff must explain what harm he was at risk for by being placed in administrative segregation, and show that each defendant was aware of that risk and disregarded it. General claims that he was at risk because he was receiving mental health treatment is not enough. Finally, if plaintiff wants to make an equal protection claim, he must allege facts that show that the discriminatory treatment he experienced was based on his membership in a protected class, which in this case appears to be his race.

If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's due process claims against defendants Swartout and Cappel for denying his disciplinary appeals are dismissed without leave to amend. The remaining claims in the complaint are dismissed with leave to amend as set forth above.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 30, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE